UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

MILTON PERNELL MADRY,

    Plaintiff,

v.                                         Case No:   8:13-cv-312-T-23DNF

COMMISSIONER OF SOCIAL
SECURITY,

    Defendant.

_____

## REPORT AND RECOMMENDATION

**TO THE UNITED STATES DISTRICT COURT**

    This case is before the Court on the Defendant, Carolyn W. Colvin, Commissioner of Social Security's Motion to Dismiss or, in the Alternative Motion for Summary Judgment (Doc. 19) filed on June 21, 2013. Carolyn W. Colvin, Commissioner of Social Security ("Commissioner") asserts that the Plaintiff, Milton Pernell Madry failed to timely file this action in the District Court, and the Commissioner argues that this Court has no jurisdiction in this matter. No response was filed to the Motion. On July 15, 2013, the Court entered an Order (Doc. 20) requiring the Plaintiff to file a response to the Motion. Mr. Madry failed to file a response and the time to file the response has passed. The Court respectfully recommends that the Motion to Dismiss or in the Alternative Motion for Summary Judgment be granted.

    **I.**    **Procedural History**

    On September 21, 2011, the Administrative Law Judge Arline Colon entered her Decision (Doc. 19-1). According to the Decision, the Plaintiff filed an application for disability insurance benefits and supplemental security income benefits on October 21, 2009. (Doc. 19-1, p. 1). In both of these applications, the Plaintiff claimed an alleged disability onset date of

October 16, 2009. (Doc. 19-1, p. 1). These applications were denied initially on March 5, 2010, and denied upon reconsideration on June 2, 2010. (Doc. 19-1, p. 1). The ALJ held a hearing on August 9, 2011. (Doc. 19-1, p. 1). The Plaintiff was represented by counsel at the hearing. (Doc. 19-1, p. 1). . On September 21, 2011, the ALJ determined that the Plaintiff has not been under a disability from October 16, 2009, the onset date. The Plaintiff requested review of the ALJ's decision, and on November 27, 2012, the Appeals Council entered a Notice of Appeals Council Action finding that there was no reason to review the ALJ's decision, and informing the Plaintiff that the ALJ's decision was final. (Doc. 19-1, p. 21). In the Notice of Appeals Council Action, the Appeals Officer included the following in the section, "Time to File a Civil Action":

- You have 60 days to file a civil action (ask for court review).

- The 60 days start the day after you receive this letter. We assume you received this letter 5 days after the date on it unless you show us that you did not receive it within the 5-day period.

- If you cannot file for court review within 60 days, you may ask the Appeals Council to extend your time to file. You must have a good reason for waiting more than 60 days to ask for court review. You must make the request in writing and give your reason(s) in the request.

- You must mail your request for more time to the Appeals Council at the address shown at the top of this notice. Please put the Social Security number(s) also shown at the top of this notice on your request. We will send you a letter telling you whether your request for more time has been granted.

(Doc. 19-1, p. 22-23).

On February 1, 2013, the Plaintiff filed a Complaint (Doc. 1) in this Court asserting that he disagreed with the decision of the Administrative Law Judge regarding his social security disability benefits. Plaintiff attached to his Complaint as exhibits, the Notice of Decision – Unfavorable dated September 21, 2011; the Decision of Administrative Law Judge Arline Colon ("ALJ"); a List of Exhibits in the Administrative Record; a Notice of Decision – Unfavorable

dated October 21, 2009; portions of another ALJ's decision signed by Christopher Messina for ALJ Peter C. Edison; portions of a letter from ALJ Peter C. Edison; and portions of a letter from Appeals Officer Christina Booth. (Doc. 19-1).

### II. Standard of Review

The Commissioner seeks to dismiss the Complaint pursuant to Fed. R. Civ. P. 12(b)(6) or in the alternative, Fed. R. Civ. P. 12(d), and treat the motion as one for summary judgment pursuant to Fed. R. Civ. P. 56. Pursuant to Fed. R. Civ. P. 12(d),

> If, on a motion under Rule 12(b)(6), or 12(c), matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56. All parties must be given a reasonable opportunity to present all the material that is pertinent to the motion.

Fed. R. Civ. P. 12(d). Matters outside of the pleading have been presented and considered by the Court such as the Declaration of Patrick J. Herbst (Doc. 19-1), therefore, the Court will treat the Commissioner's Motion as Motion for Summary Judgment rather than a Motion to Dismiss.

Summary judgment will be granted "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). However, "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party," granting summary judgment would be inappropriate. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248-49 (1986).

The Court will not weigh the material facts, but rather determine if a genuine dispute exists. *Id.* at 249. "If the record presents factual issues, the court must not decide them; it must deny the motion and proceed to trial." *Tullius v. Albright*, 240 F.3d 1317, 1320 (11th Cir. 2001). "[A] party opposing a properly supported motion for summary judgment may not rest upon mere

allegation or denials of his pleading, but must set forth specific facts showing that there is a genuine issue for trial." *Id*. at 256. A Court must view all evidence in the light most favorable to the nonmoving party, and all justifiable inferences must be drawn in the nonmoving party's favor. *Fernandez v. Bankers Nat'l Life Ins. Co*, 906 F.2d 559, 564 (11th Cir. 1990) (citation omitted).

### III. Analysis

The United States "'is immune from suit save as it consents to be sued,' and Congress alone determines how and when the United States may be sued for judicial review of administrative orders and judgments." *Jackson v. Astrue*, 506 F.3d 1349, 1353 (11th Cir. 2007) (citing *Lehman v. Nakshian*, 453 U.S. 156, 160 (1981) (quoting *United States v. Testan*, 424 U.S. 392, 399 (1976)). Pursuant to 42 U.S.C. §405(g), Congress waived sovereign immunity and gave courts the authority to review, modify, or reverse the Commissioner's decisions. *Id*. at 1353. The remedies enumerated in the statute are the sole source of federal jurisdiction in social security disability cases. *Id*. (citing 42 U.S.C. 405(h) ("No finding of fact or decision of the Commissioner of Social Security shall be reviewed by any person, tribunal, or governmental agency except as herein provided."). The Supreme Court has determined that the "60-day requirement is not jurisdictional, but rather a statute of limitations waivable by the parties." *Bowen v. City of New York*, 476 U.S. 467 (1986).

The Commissioner asserts that the Plaintiff failed to comply with the time constraints under 42 U.S.C. §405(g), and therefore his Complaint should be dismissed. Section 405(g) provides in pertinent part as follows:

> Any individual, after any final decision of the Commissioner of Social Security made after a hearing to which he was a party, irrespective of the amount in controversy, may obtain a review of such decision by a civil action commenced

>within sixty days after the mailing to him of notice of such decision or within such further time as the Commissioner of Social Security may allow.

42 U.S.C. §405(g). Pursuant to §405(g) and the regulations promulgated by the Commissioner, the Plaintiff must commence his action within 60 days from the date of the Appeals Council's decision. 42 U.S.C. §405(g), 20 C.F.R. §422.210(c)[1]. The date of receipt is presumed to be five (5) days after the date of the notice, unless there is a reasonable showing to the contrary. 20 C.F.R. §422.210(c). Under 42 U.S.C. §405(g), a plaintiff may request additional time from the Appeals Counsel to file a civil action in district court, however, in this case, there is no record that Mr. Madry requested additional time. 42 U.S.C. §405(g), and (see, Declaration of Patrick J. Herbst, Doc. 19-1, ¶3(b), Herbst was "not aware of any request for extension of time to file a civil action"). Although the doctrine of equitable tolling was available to a plaintiff whose challenge to the decision of the Commissioner is untimely, the Plaintiff in the instant case did not raise such an assertion. *Jackson v. Astrue*, 506 F.3d at 1153.

The Eleventh Circuit stated that "Congress provided that disappointed claimants must file suit in district court within sixty days (unless extended by the Secretary) in order to obtain judicial review." *Stone v. Heckler*, 778 F.2d 645, 649 (11th Cir. 1985). The 60-day time limit is strictly enforced and "claims filed even one day beyond the deadline have been dismissed as untimely." *Price v. Shalala*, 1994 WL 543030, *2 (S.D. Fla., May 31, 1994) (citing *Whipp v. Weinberger,* 505 F.2d 900 (6th Cir. 1974); *O'Neill v Heckler*, 579 F.Supp. 979 (E.D. Pa. 1984)).

In the instant case, on September 21, 2001, the ALJ issued a decision denying the Plaintiff's claim for benefits, and mailed a copy to him. (Doc. 19-1, Notice of Decision Unfavorable dated September 21, 2001; Decision dated September 21, 2011, Declaration of

---

[1]. "Any civil action described in paragraph (a) of this section must be instituted within 60 days after the Appeals Council's notice of denial of request for review of the administrative law judge's decision or notice of the decision by the Appeals Council is received by the individual, institution, or agency, except that this time may be extended by the Appeals Council upon a showing of good cause." 20 C.F.R. §422.210(c).

Herbst, ¶3(a)). The Plaintiff requested review of this decision and on November 27, 2012, the Appeals Council sent to the Plaintiff a copy of the Notice of Appeals Council Action. (Doc. 19-1, Notice of Appeals Council Action; Declaration of Herbst, ¶3(a)). Within the Notice of Appeals Council Action, the Commissioner notified the Plaintiff that he had 60 days to file a civil action, that the 60 days started the day after he received the letter, that the letter is presumed to be received within 5 days of the date on the letter, and that he could request an extension of time from the Appeals Council to file his civil action. (Doc. 19-1, Notice of Appeals Council Action, p. 2). The Commissioner has no record that the Plaintiff requested additional time to file a civil action. (Doc. 19-1, Herbst Declaration ¶3(b)). The Plaintiff filed the instant action on February 1, 2013 (See, Complaint, Doc. 1). From November 27, 2012 to January 31, 2013 is 65 days, but the Plaintiff filed his Complaint (Doc. 1) on February 1, 2013 which is the 66 days after the Appeals Councils Notice. Therefore, the Plaintiff did not file his Complaint within the 60 plus 5 day mailing time period, failed to request an extension of time, and failed to present any arguments as to equitable tolling. The Court determines that the Commissioner's Motion for Summary Judgment is due to be granted.

**IT IS RESPECTFULLY RECOMMENDED:**

The Motion to Dismiss or, in the Alternative, Motion for Summary Judgment (Doc. 19) be **GRANTED** and judgment be entered in favor of the Defendant, Commissioner of Social Security.

Failure to file written objections to the proposed findings and recommendations contained in this report within fourteen (14) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

Respectfully recommended in Chambers in Ft. Myers, Florida on August 30, 2013.

DOUGLAS N. FRAZIER
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties